IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROBERT E. CARTER,

Defendant.

ORDER

22-cr-124-wmc

---

On February 6, 2026, this court denied a motion for compassionate release filed by defendant Robert E. Carter, who is representing himself. (Dkt. #455.) Carter had 14 days, up to and including February 20, 2026, to file an appeal from that ruling. Fed. R. App. P. 4(b)(1)(A). Since Carter received the court's order on February 13, 2026, he had a full week to comply. For reasons he does not explain, however, Carter waited to file his notice of appeal, which was not received by the court until March 2, 2026, in an envelope post-marked February 27, 2026. (Dkt. #456, #456-2.) Carter's notice of appeal being filed at least one week late, the Seventh Circuit Court of Appeals and has suspended further proceedings pending a determination by this court as to whether an extension of time is warranted under Federal Rule of Appellate Procedure 4(b)(4). (Dkt. #468.) After considering supplemental briefing by both parties, the court concludes that Carter is not entitled to an extension for the reasons explained below.

OPINION

"In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being

appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A). With or without a motion, a district court may extend the time for a criminal defendant to file a notice of appeal for a period not to exceed 30 days beyond the deadline to appeal if the defendant makes a showing of "excusable neglect or good cause." Fed. R. App. P. 4(b)(4). Here, defendant argues that an extension is warranted for excusable neglect because he simply misunderstood Rule 4(b)(4) to mean that "as long as he filed his Notice of Appeal within 30 days of the original 14-day expiration date," the district court would determine *sua sponte* whether to extend the time or issue an order to show cause asking him to demonstrate that an extension was warranted. (Def.'s Response to Gov't Mtn to Dismiss Appeal).

To determine whether "excusable neglect" exists for granting the extension, the Seventh Circuit applies the four-part test articulated by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993), which examines the following factors: "(1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; *and* (4) whether the movant's conduct was in good faith. *United States v. Elliott*, 149 F. App'x. 489, 492-93 (7th Cir. 2005) (citing *Pioneer* and *United States v. Brown*, 133 F.3d 993, 996 (7th Cir. 1998)).

Three of the *Pioneer* factors -- length of delay, prejudice to the nonmoving party, and the movant's good faith -- weigh in favor of finding excusable neglect. Defendant's notice of appeal was only one week late, and it caused no prejudice to the government. (Dkt.

#470, at 3.) Likewise, there is no indication that defendant's late notice of appeal was the product of bad faith.

Even so, the fault for the delay rests squarely on factors within defendant's control, and there are other reasons to hold him accountable, especially given that defendant's request for relief has since been mooted by his release from prison, the court views a finding of excusable neglect pointless. First, defendant offers no plausible reason for his failure to file his notice of appeal within the 14-day deadline that is clearly and unambiguously set forth in Rule 4(b)(1)(A). Second, to the extent that he mistakenly believed there was a 30-day "safety valve" found within the provision governing motions for extensions of time in Rule 4(b)(4) (dkt. #473, at 2), the Supreme Court has said that "ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect[.]" *Pioneer*, 507 U.S. at 392. Third, the Seventh Circuit has also repeatedly held that failure to comply with clearly stated rules such as the explicit appellate deadline found in Rule 4(b)(1)(A), does not meet the excusable neglect standard. *See Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 133 (7th Cir. 1996) ("The excusable neglect standard can *never* be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules.") (emphasis added) (collecting cases for this same proposition). Fourth, although self-represented litigants are entitled to some "leniency . . . on procedural matters[,]" *Otis v. Demarasse*, 886 F.3d 639, 644 (7th Cir. 2018), "it is also well established that pro se litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). Finally, since the merits of his appeal

from a denial of compassionate release have been mooted by defendant's actual release, the discretionary grant of an extension to appeal is pointless at this point.

ORDER

Accordingly, IT IS ORDERED that defendant Robert Carter is not entitled to an extension of time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(b)(4) because he has not demonstrated excusable neglect or good cause for the delay in filing his notice of appeal, and the underlying appeal is no longer ripe for review in any event.

Entered this 18th day of September, 2026.

BY THE COURT:
/s/

WILLIAM M. CONLEY
District Judge